09-0302-ag
Lin v. Holder

BIA
Sichel, IJ
A079 087 431

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of Februry, two thousand ten.

PRESENT:
        REENA RAGGI,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges*.

_____

LI XIONG LIN,
        *Petitioner*,

                v.                                      09-0302-ag
                                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
        *Respondent*.

_____

FOR PETITIONER:        Fuhao Yang, New York, New York.

_____

        * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Blair T. O'Connor,
                         Assistant Director; Remi Adalemo,
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Li Xiong Lin, a native and citizen of the People's Republic of China, seeks review of a December 24, 2008 order of the BIA, affirming the April 19, 2007 decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Xiong Lin*, No. A079 087 431 (B.I.A. Dec. 24, 2008), *aff'g* No. A079 087 431 (Immig. Ct. N.Y. City Apr. 19, 2007). In light of the facts of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We will uphold the agency's factual findings, including adverse credibility determinations, so long as they are supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). However, "[w]e

2

review *de novo* questions of law and the application of law to undisputed fact." *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). In applying these standards, we assume the parties' familiarity with the underlying facts and the record of prior proceedings.

Given the cumulative effect of various inconsistencies in Lin's testimony, the agency's adverse credibility determination is supported by substantial evidence. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106-107 (2d Cir. 2006). In particular, Lin's testimony was inconsistent as to whether his brother – the owner of the bookstore where Lin allegedly sold Falun Gong books – fled after Lin's first or second alleged incident with Chinese officials, whether Lin failed to put his passport into evidence because it had expired or because he had misplaced it, and whether Lin used his own passport or someone else's to fly from Los Angeles to New York.

Although Lin argues that the agency erred in relying on these inconsistencies given their relative insignificance, the agency was entitled to weigh the cumulative effect of the inconsistencies when measured against the record as a

whole.  *See Liang Chen*, 454 F.3d at 106-07.  The agency was also entitled to discount Lin's explanations that he testified inconsistently because he was nervous.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Having found Lin's testimony not credible, the agency considered whether his claims were corroborated by other evidence.  While the agency acknowledged the existence of an unauthenticated Notice of the Town Committee and an affidavit from Lin's father, both of which purported to support Lin's claim, it declined to accord substantial weight to this evidence because documentation from China is subject to widespread fraud and Lin's father had significant familial reasons to corroborate Lin's claims.  On this record, we cannot conclude that the agency acted outside its discretion in deeming the lack of corroborating evidence further support for its adverse credibility finding.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (recognizing that weight afforded to applicant's evidence in immigration proceedings lies largely within discretion of IJ).

As Lin's claims for asylum and withholding of removal share the same factual predicate, the agency's adverse credibility determination constitutes a sufficient basis for its denial of both claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Accordingly, we need not consider the IJ's or the agency's alternative bases for denying these claims.

Finally, because Lin provided no credible evidence that he was tortured in the past or that anyone in the Chinese government would seek to torture him upon his return to China, we identify no error in the agency's denial of his request for CAT relief. See *Pierre v. Gonzales*, 502 F.3d 109, 114 (2d Cir. 2007); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk